[Civ. No. 746.  Second Appellate District.—February 10, 1910.]

JOHN E. SAUL, Respondent, v. EMMA SAUL, Appellant.

ACTION FOR DIVORCE—DECREE DENIED—COMMUNITY PROPERTY ADMITTED
—PROPERTY RIGHTS NOT ADJUDGED—CUSTODY OF CHILDREN—MAIN-
TENANCE—FRIVOLOUS APPEAL.—In an action for a divorce, where a
decree was denied, and there was no issue as to property rights,
both parties having admitted that a specified tract was community
property, and the court so found, but adjudged no rights therein,
and its only order was made under section 136 of the Civil Code
for the custody of the children, giving the smaller children to the
wife and other children to the husband, and ordering the husband to
pay $12 per month for the maintenance of the wife and smaller chil-
dren, an appeal by the wife on the sole ground that the judgment
fixed property rights is frivolous, and the judgment must be
affirmed.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

Walter J. Horgan, Frank W. Allender, and E. G. Kuster, for Respondent.

ALLEN, P. J.—This was an action for divorce which was denied. Plaintiff in his complaint and defendant in her answer admit that a certain tract of land was property of the community and was all the property owned by them or either of them. The court in its findings of fact found that which was admitted, namely, that the property was community property, but in the judgment no order is made with reference thereto. The custody of some of the children was given to plaintiff and others to defendant, and under section 136 of the Civil Code an order was made requiring plaintiff to pay to defendant for the support of herself and the minor children awarded to her the sum of $12 per week, lawful money of the United States, each and every week until the further order of the court, and that plaintiff pay the costs of the action.

This appeal is from the judgment and the only criticism thereof being that such judgment purports to declare or establish the status of the property rights of the parties. The appeal seems to us to be frivolous. There is nothing in the judgment appealed from fixing the status of property rights, nor was there an issue in relation thereto. The only thing the court did was to exercise the power conferred by section 136 of the Civil Code, of which no complaint is made.

The judgment is affirmed.

Shaw, J., and Taggart, J., concurred.